Millett, Circuit Judge, concurring:
I join the majority opinion in full. I write separately only to express my concerns about the Board's continued failure to establish any discernible, consistent standard for granting and denying intervention in agency proceedings.
In this case, the Board just stated summarily that the denial of Lopez's motion to intervene fell "within established precedent concerning decertification petitioners' requests to intervene in unfair labor practice proceedings." Board Order at 1 n.1. Tellingly, the Board did not cite to any cases that might constitute such a coherent body of "established precedent." Nor am I aware of any. Claims for deference through paeans to agency precedent only work if a principled body of precedent actually exists.
Instead, the Board cited only to its generic intervention rule, 29 C.F.R. § 102.29 (2016). Board Order at 1 n.1. The problem, though, is that the cited regulation provides no substantive standards or guidance at all on when intervention is or is not proper in agency proceedings. Other than outlining the mechanical steps that an intervention request goes through, the rule says only that intervention "may" be permitted "to such extent and upon such terms as [the ALJ or regional director] deem[s] proper." Id . That is it. Seems hard to imagine a more amorphous and indeterminate standard. Contrast FED. R. CIV. P. 24 (spelling out specific factors for courts to consider in resolving motions to intervene).
The Board's persistent failure to put any meat on the regulation's bare bones leaves individual intervention decisions at risk of arbitrary and inconsistent resolution. As it turns out, that failing is ultimately without consequence in this particular case because Lopez's claims on intervention pertain to a legally foreclosed decertification petition. But it remains incumbent on the Board to formulate objective and reliable standards for intervention in its proceedings. The transparent, consistent, and evenhanded application of identified and reasoned factors is essential to fair process for all would-be intervenors, regardless of on which side of a case they wish to appear.